# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHSUETTS

| | |
|---|---|
| ADAM LAFLASH,<br>Plaintiff,<br>v.<br><br>TOWN OF AUBURN, STEPHEN COLEMAN, in his official and individual capacities, and GLENN JOHNSON,<br>Defendants. | C.A. No. _____ |

## COMPLAINT AND JURY DEMAND

### I. Introduction

1. This action arises out of the unlawful conduct of Defendants Stephen Coleman, Fire Chief for the Town of Auburn ("Town"), and Deputy Chief Glenn Johnson during the events leading to the end of Plaintiff Adam LaFlash's employment as a firefighter with the Town. LaFlash brings a claim against Coleman for violation of his due process rights under the Fourteenth Amendment to the United States Constitution and a claim against Johnson for defamation arising out of the investigation leading to his termination. He seeks damages for lost wages, other renumeration, emotional distress, reputational harm, punitive damages, and recovery of his attorney's fees, as well as preliminary and permanent injunctive relief in the form of an order compelling the Town to convene a full hearing on his termination, a right that he has not been afforded yet to date.

### II. Parties

2. Plaintiff Adam LaFlash is a resident of Auburn, Massachusetts and a former firefighter for the Auburn Fire Department.

3. Defendant Town of Auburn is a duly incorporated municipality within the Commonwealth of Massachusetts, within which is organized the Auburn Fire Department.

4. Defendant Stephen Coleman is the chief of the Auburn Fire Department and, upon information and belief, a resident of the Commonwealth of Massachusetts.

5. Defendant Glenn Johnson is a deputy chief of the Auburn Fire Department and, upon information and belief, a resident of the Commonwealth of Massachusetts.

### III. Facts

6. LaFlash served as a firefighter in the Auburn Fire Department ("Department" or "AFD") at all relevant times in this action.

7. LaFlash has no discipline in his record until the events at issue in this case.

8. Under the terms of his employment relationship with the Town, LaFlash could only be terminated for just cause.

9. On or about October 18, 2019, a firefighter brought forward allegations against LaFlash concerning events going back several years.

10. LaFlash denied the allegations.

11. Johnson led an investigation into the allegations, which concerned, among other issues, charges of improper sexual conduct within town property and sexual harassment of town employees and non-employees.

12. Upon information and belief, Johnson was charged with determining whether LaFlash violated any Town or Department rules or policies that could subject him to discipline.

13. Johnson concluded his investigation of LaFlash by finding, *inter alia*, sufficient evidence to sustain findings of misconduct, sexual harassment, and hostile work environment against LaFlash.

14. Johnson also concluded in the report that "LaFlash may be a sexual predator" and recommended the termination of LaFlash's employment.

15. Upon information and belief, Johnson had no training or education in the evaluation of individuals for sexual dangerousness.

16. Upon information and belief, Johnson had no reasonable basis through personal knowledge, expertise, training or otherwise to conclude that LaFlash may be a "sexual predator."

17. Johnson knew that he had no basis to state that LaFlash may be a "sexual predator" and acted recklessly in stating so.

18. The statement that LaFlash "may be a sexual predator" is reasonably understood, notwithstanding the "may be," to cast a false and negative light on the professional reputation and moral character of LaFlash in the community.

19. Johnson disclosed the investigation report to Coleman.

20. Upon information and belief, Coleman disclosed the investigation report to one or more employees or agents of the Town.

21. Upon information and belief, the investigation report is a public record and available to any member of the public, in redacted form, via a public records request.

22. On December 27, 2019, Coleman provided LaFlash with a notice of a proposed termination of employment based on the charges in the investigation by Johnson.

23. On January 8, 2020, the Town, through Coleman, convened a pre-termination informal *Loudermill* hearing on the proposed termination of LaFlash's employment.

24. At the pre-termination hearing, the Town presented a summary of its evidence against LaFlash and notice of the proposed termination. It did not present any witnesses or documentary evidence. LaFlash presented oral arguments in response to the allegations.

25. At no time at the informal hearing or prior to the hearing did the Town allow LaFlash to question any of the witnesses who were interviewed for Johnson's investigation. It did not allow LaFlash to examine the material that was gathered for the investigation or present his own witnesses or evidence.

26. On January 9, 2020, Coleman notified LaFlash that he found sufficient evidence to support the charges against him and his employment with the Town was terminated.

27. The Town and Coleman never offered LaFlash a post-termination hearing.

28. The Town and Coleman never allowed LaFlash to present any evidence to contest the loss of his state-created property interest in his employment with the Town. The Town and Coleman never presented any evidence in the form of documents or witnesses to support its termination of LaFlash.

29. LaFlash had no post-termination remedy under state law as his employment with the Town is not governed by the Massachusetts Civil Service Statute, M.G.L. c. 31.

30. By Coleman's actions, LaFlash has suffered lost income, lost benefits, reputational harm, emotional distress, and other damages.

31. By Johnson's actions, LaFlash has suffered harm to his professional reputation, reputation in the community, lost income, lost benefits emotional distress, and other damages.

## COUNT I

### DEFAMATION
### (Johnson only)

The actions of Defendant as set forth above, including, *inter alia*, stating that Plaintiff may be a sexual predator, when Defendant knew the statement was false or acted recklessly in publishing the statement, when such statement was of and concerning Plaintiff, and which damaged Plaintiff's reputation in the community, amounts to defamation of Plaintiff, causing damages.

## COUNT II

### 42 U.S.C. § 1983
### (Coleman only)

The actions of Defendant as set forth above, including, *inter alia*, failing to convene a post-termination hearing after causing his termination, constitutes a violation of Plaintiff's procedural due process rights under the Fourteenth Amendment to the United States Constitution, causing damages.

## COUNT III

### Preliminary and Permanent Injunctive Relief
### (Town)

The Town must be ordered to convene a post-termination hearing that permits Plaintiff to challenge the deprivation of his property interest with full due process rights, including examination of witnesses and evidence.

WHEREFORE, Plaintiff prays this Court:

1. ORDER Defendant to pay compensatory damages to Plaintiff for lost wages, front pay, emotional distress, lost benefits, and other damages incurred for harm to his reputation;

2. ORDER the Defendant to pay punitive damages and Plaintiff's attorneys' fees and costs as authorized under 42 U.S.C. § 1983;

3. ORDER the Defendants to convene a post-termination due process hearing on the deprivation of Plaintiff's property interest with full due process rights; and

4. Any further relief as is just and necessary.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims properly triable by a jury.

Respectfully submitted,
ADAM LAFLASH,
By his attorneys,


/s/ Joseph L. Sulman_____
Joseph L. Sulman, BBO #663635
Law Office of Joseph L. Sulman, Esq.
391 Totten Pond, Suite 402
Waltham, MA 02451
(617) 521-8600
jsulman@sulmanlaw.com

August 21, 2020